**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CLEVEN SMASH,

        Petitioner,

v.                                            Case No. 05-CV-74440-DT

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION**

Petitioner Cleven Smash has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254.  The petition challenges Petitioner's state convictions for criminal sexual conduct and malicious destruction of property.  The court has concluded that Petitioner is not entitled to habeas relief.  Accordingly, the habeas petition will be denied.

**I.  BACKGROUND**

On June 28, 2004, Petitioner pleaded no contest to first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(f), in case number 04-477.  In return, the prosecutor dismissed a second count of first-degree criminal sexual conduct and agreed not to charge Petitioner with obstruction of justice.  In addition, the parties agreed to a minimum sentence of eighty-one months.

On the same day, Petitioner pleaded no contest in case number 04-5803 to malicious destruction of property valued at $1,000 to $20,000.  *See* Mich. Comp. Laws § 750.377a(1)(b)(1).  The prosecutor agreed to dismiss two counts of felonious assault and to forego charging Petitioner with obstruction of justice.  The parties also agreed to

a sentence that would fall within the sentencing guidelines and run concurrently with the sentence in case number 04-477.

Petitioner subsequently moved to withdraw his plea.  He argued that the medications he was taking when he pleaded no contest rendered him unable to knowingly enter into the plea and sentencing agreement.  The trial court denied Petitioner's motion and sentenced Petitioner to concurrent terms of imprisonment as follows:  eighty-one months to twenty years for first-degree criminal sexual conduct and eighteen months to five years for malicious destruction of property.

Petitioner raised his habeas claim on appeal from his convictions.  The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented.  *See People v. Smash*, No. 258858 (Mich. Ct. App. Feb. 18, 2005) (unpublished decision).  On September 28, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review Petitioner's claim.  *See People v. Smash*, 474 Mich. 872; 703 N.W.2d 814 (2005) (table).

Petitioner filed his habeas corpus petition on November 22, 2005.  Respondent urges the court to deny the habeas petition on the ground that Petitioner's claim is not cognizable or is without merit.  Respondent also argues that the state court's adjudication of Petitioner's claim was reasonable.

## II.  STANDARD

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable
>   determination of the facts in light of the evidence presented in the State
>   court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III.  DISCUSSION

The sole ground for relief alleges that the trial court abused its discretion by not permitting Petitioner to withdraw his no-contest plea before sentencing him. Petitioner claims that his plea was not entered knowingly, intelligently, and voluntarily because he was taking several anti-depressants (Zoloft, Trazadone, and Remaron) and blood

pressure medication (Zestril) at the time. He asserts that there would have been no prejudice to the prosecution because less than a month expired between the plea and sentencing, and the prosecution did not indicate that witnesses were unavailable.

### A. Voluntary and Knowing Pleas

A guilty or no-contest plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Courts must consider all the relevant circumstances when determining whether a plea was entered voluntarily and intelligently. *Id.* at 749. "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him." *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

However,

> [t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757. Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and a trial court's factual findings, including credibility determinations, are entitled to special deference. 28 U.S.C. § 2254(e)(1); *Patton v. Yount*, 467 U.S. 1025, 1038 (1984).

### B. Petitioner's Motion to Withdraw the Plea

4

During oral arguments on Petitioner's motion to withdraw his plea, defense counsel stated that, after the plea, Petitioner asked him what happened during the plea proceeding. Petitioner then informed defense counsel about the medications that he was taking.

The prosecutor explained in response to Petitioner's motion that, before trial, Petitioner had rejected an offer to enter a plea. On the day set for trial, a witness arrived and showed the prosecutor a letter that he had received from Petitioner. The letter asked the witness not to appear for trial because Petitioner thought he had a better chance of "beating the case" if the witness did not testify. When the letter was shown to defense counsel, the parties resumed plea negotiations. Petitioner personally tried to negotiate a deal with the prosecutor by asking whether the numbers could get better. When the attorneys explained how the sentencing guidelines worked, Petitioner said that he understood, but he still wondered whether the numbers could get better. The prosecutor responded, "No," and the jury was brought into the courtroom. Petitioner then indicated to his attorney that he wanted to accept the prosecutor's offer. His no-contest plea followed. (Tr. July 30, 2004, at 4-7.)

The trial court agreed with the prosecutor's recollection of what had occurred on the day of the plea. The trial court denied Petitioner's motion to withdraw his plea after describing Petitioner's request as "total and utter nonsense." The court said that Petitioner's behavior on the day of the plea gave no indication that any medication had interfered with his ability to understand the proceedings. (*Id.* at 11-15.)

### C. Analysis

Petitioner was thirty-seven years old when he pleaded no contest. He stated

5

during a colloquy with the trial court that his understanding of the plea and sentencing was consistent with the trial court's explanation of the agreement. He also claimed to understand what it meant to plead no contest and that his plea would amount to a violation of his probationary status. He asserted that he understood the rights he was waiving, and he declined to have any of those rights explained to him. He denied being forced or threatened to plead no contest, and he assured the trial court that he was pleading no contest freely and voluntarily. (Tr. June 28, 2004 at 4-9.)

The fact that Petitioner personally tried to negotiate a better deal with the prosecutor on the day that he pleaded no contest is indicative of his ability to think and reason. He even claimed at the time to understand the attorneys' explanation of the sentencing guidelines.

Furthermore, Petitioner's attorney admitted at oral arguments on the motion to withdraw the plea that, if he had thought Petitioner did not understand the plea proceeding, he would have brought the matter to the trial court's attention. He also would have prevented Petitioner from entering a plea agreement of any magnitude. (Tr. July 30, 2004, at 9.)

The record supports the trial court's factual finding regarding Petitioner's state of mind at the plea, and this court must accord special deference to the trial court's determination that Petitioner's claim was not credible. The relevant circumstances indicate that Petitioner' plea was voluntary, knowing, and intelligent.

## IV.  CONCLUSION

Petitioner's allegations are belied by the record. Therefore, the state appellate

court's conclusion that Petitioner's claim lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. The November 22, 2005 application for a writ of habeas corpus [Doc. #1] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522