**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLEVEN SMASH,

           Petitioner,

v.                                                                  Case No. 05-CV-74440-DT

CARMEN PALMER,

           Respondent.
_____/

**ORDER GRANTING PETITIONER'S "APPLICATION TO PROCEED
WITH AN APPEAL WITHOUT PREPAYMENT OF FEES AND COSTS . . .,"
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

    Petitioner Cleven Smash has appealed the court's order denying his habeas corpus petition. The court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

    "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional

claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

The sole habeas claim alleges that the trial court abused its discretion by not permitting Petitioner to withdraw his no-contest plea before sentencing him. Petitioner asserts that his plea was not entered knowingly, intelligently, and voluntarily because he was taking anti-depressants and blood pressure medication at the time. The court rejected this claim, because the trial court determined that any medication had not interfered with Petitioner's ability to understand the proceedings. In addition, Petitioner claimed to understand the plea bargain and the rights that he was waiving. He denied being forced or threatened to plead no contest, and he assured the trial court that he was pleading no contest freely and voluntarily. He even tried to negotiate a better deal with the prosecutor on the day that he pleaded no contest. Finally, his attorney admitted at oral arguments on the motion to withdraw the plea that, if he had thought Petitioner did not understand the plea proceeding, he would have prevented Petitioner from entering a plea agreement of any magnitude.

Reasonable jurists would not find the court's assessment of Petitioner's claim debatable or wrong. Accordingly, the court will decline to issue a certificate of appealability.

Petitioner's application to proceed on appeal without prepayment of fees and costs, however, will be granted. "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal

2

is in good faith." *United States v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith.  Accordingly,

IT IS ORDERED that the court DECLINES to issue a certificate of appealability. IT IS FURTHER ORDERED that Petitioner's application to proceed on appeal without prepayment of fees and costs [Doc. #19] is GRANTED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2006, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522